JS-6

Konrad K. Gatien (State Bar No. 221770)
kgatien@stubbsalderton.com
Barak Kamelgard (State Bar No. 298822)
bkamelgard@stubbsalderton.com
STUBBS ALDERTON & MARKILES LLP
1453 3rd Street Promenade, Suite 300
Santa Monica, California 90401
Telephone: (310) 746-9800
Facsimile: (310) 746-9820

Attorneys for Defendants

JAMES LUA et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LUA, individually and d/b/a VAPE TOWN; and TVT VAPE CORPORATION, an unknown business entity d/b/a VAPE TOWN,<br><br>Defendants. | Case No.: CV 14-09006-WDK (PLAx)<br><br>**JUDGMENT AGAINST DEFENDANTS JAMES LUA D/B/A VAPE TOWN AND TVT VAPE CORPORATION D/B/A VAPE TOWN** |

1   WHEREAS, Plaintiff J&J SPORTS PRODUCTIONS, INC. ("Plaintiff") filed this action against defendants JAMES LUA (formerly d/b/a THE VAPE TOWN and mistakenly identified in the complaint as "Vape Town"), and TVT VAPE CORPORATION (mistakenly identified in the complaint as d/b/a "Vape Town") (collectively, "Defendants") on November 20, 2014, alleging causes of action pursuant to the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*; the Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*; and California Business and Professions Section 17200.

WHEREAS, Plaintiff served Defendants with the summons and complaint by substituted service on February 3, 2015, in accordance with California law (C.C.P. § 415.20, effective via FRCP 4(e)(1)) and 4(h)(1)(A)).

WHEREAS, Plaintiff and Defendants stipulated to an extension of time to file an answer to the complaint until April 4, 2015 (making Defendants' answer due on April 6, 2015, per FRCP and the Local Rules).

WHEREAS, on April 6, 2015, Defendants filed their answer to Plaintiff's complaint.

WHEREAS, on April 20, 2015, Defendants served Plaintiff with their Offer of Judgment pursuant to Fed. R. Civ. P. 68 ("Rule 68 Offer of Judgment").

WHEREAS, on April 29, 2015, Plaintiff filed with this Court Plaintiff's Acceptance of Defendants' Rule 68 Offer of Judgment Dated April 20, 2015 (the "Acceptance").  True and correct copies of Plaintiff's Acceptance and Defendants' Rule 68 Offer of Judgment are attached hereto as **Exhibit A**.

WHEREAS, on May 27, 2015, the Court issued its Civil Minute Order directing the Parties to lodge their Proposed Judgment pursuant to Fed. R. Civ. P. 68 on or before June 5, 2015.

-1-

CASE NO. CV 14-09006 WDK (PLAx)
RULE 68 JUDGMENT

WHEREAS, on June 5, 2015, Defendants lodged with this Court their [Proposed] Entry of Rule 68 Judgment Against Defendants James Lua d/b/a Vape Town and TVT Vape Corporation d/b/a Vape Town.

NOW, THEREFORE, it is hereby:

**ORDERED, ADJUDGED AND DECREED** as between the parties hereto that:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. § 1367, the Court has personal jurisdiction over the parties, and service was properly made on Defendants.

2. The Court directs entry of judgment in favor of Plaintiff and against Defendants, jointly and severally, in the sum of seven thousand five hundred dollars ($7,500.00), which includes all reasonable attorneys' fees and costs incurred by Plaintiff prior to the date of Defendant's Rule 68 Offer of Judgment.  This amount shall be the total amount to be paid by Defendants on account of any liability for the transactions, occurrences, and claims arising out of or relating to this Action, including any liability for reasonable attorneys' fees and costs of suit. The Parties have stipulated that the amount of this Judgment has been satisfied at the time of entry of this Judgment.

3. This Judgment is made without any admission of fault or liability on the part of Defendants, and Defendant's Rule 68 Offer of Judgment is not an admission of fault or liability by Defendants, but rather was made by Defendants solely for the purpose of compromising disputed claims.

4. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, modification or enforcement of this Judgment.

5. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

1  6. This Court, having expressly determined that there is no just reason for
2  delay in entering this Judgment, and pursuant to Rule 54(b) of the Federal Rules of
3  Civil Procedure, directs entry of judgment against Defendants.
4
5
6  **IT IS SO ORDERED:**
7
8
9  Dated: June 18, 2015          By: _____
10                                                   Hon. William D. Keller
                                                     United States District Judge